E-filed 10/14/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| U. S. BANK NATIONAL ASSOCIATION AS TRUSTEE RELATING TO CHEVY CHASE FUNDING LLC MORTGAGE,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY-MERRITT WILSON,<br><br>Defendant. | Case No.16-cv-05503-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE: REMAND TO STATE COURT** |
|---|---|

Defendant Jeffrey-Merritt Wilson ("Defendant") removed this forcible entry and forcible detainer action from San Benito County Superior Court. The plaintiff's complaint alleges that the defendant broke into real property which plaintiff owns pursuant to a recent trustee sale and deprived plaintiff of possession. Dkt. No. 14. Defendant claims the property as his own and asserts that the proceedings related to his dispossession were defective. Dkt. Nos. 4, 5, 6, 10, 11. For the reasons stated below, the undersigned recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before the final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant fails to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Defendant's removal notice alleges federal question jurisdiction based on the Constitution, the Bill of Rights, the Supremacy Clause, the Treaty of Guadalupe Hidalgo, and various United States statutes. (Dkt. No. 1). However, allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.[1] Plaintiff's complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever.

Nor does this court find any basis for diversity jurisdiction. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. Defendant fails to identify the citizenship of each party. But this is of no import, since the complaint indicates that the amount in controversy does not exceed $10,000. Moreover, forcible entry and forcible detainer actions do not involve the right to title to the property. Lasserot v. Gamble, 46 P. 917, 919 (Cal. 1896); Jordan v. Talbot, 55 Cal. 2d 597, 603-04 (1961). So, the fact that the subject property may be worth more than $75,000 is irrelevant. MOAB Investment Group, LLC v. Moreno, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); Maxwell Real Estate Investment LLC v. Bracho, No. C12-02774RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012).

There being no basis for federal jurisdiction over plaintiff's forcible entry and forcible detainer action, the removal of this case was improper.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further

---

[1] Defendant has also filed additional challenges and counterclaims after filing the notice of removal, but none of these claims appears on the face of the plaintiff's complaint.

1 RECOMMENDS that the newly assigned judge remand the case to the San Benito County
2 Superior Court. Any party may serve and file objections to this Report and Recommendation
3 within fourteen days after being served. Fed. R. Civ. P. 72.
4 **IT IS SO ORDERED.**
5 Dated: 10/14/2016

HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California