# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| U. S. BANK NATIONAL ASSOCIATION AS TRUSTEE RELATING TO CHEVY CHASE FUNDING LLC MORTGAGE,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY-MERRITT: WILSON,<br><br>Defendant. | Case No. 16-cv-05503-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE LLOYD AND REMANDING ACTION TO THE SAN BENITO COUNTY SUPERIOR COURT**<br><br>[Re: ECF 15, 20] |

On October 17, 2016, Defendant Jeffrey-Merritt: Wilson filed an objection to the Report and Recommendation ("R&R") of Magistrate Judge Howard R. Lloyd remanding this forcible entry and forcible detainer action. *See* ECF 15, 20. The Court has reviewed and thoroughly considered Judge Lloyd's R&R and the arguments in Wilson's objection. Finding the R&R correct, well reasoned, and thorough, the Court adopts it in every respect.

Defendant, as the party seeking removal, bears the burden of demonstrating subject matter jurisdiction. In his objection to Judge Lloyd's R&R, Wilson raises several objections based on affirmative defenses or counterclaims that he may allege under federal law, including claims under 42 U.S.C. §1983, claims pursuant to the Treaty of Guadalupe Hidalgo, and a claim that Plaintiffs violated the automatic stay in federal bankruptcy cases. ECF 20, at 6, 25–26. However, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (internal citations omitted). Wilson also claims that the action involves a federal question because the action arises out of a federal land patent. ECF 20, at 12. "Federal land patents . . . [however,] do not provide [a basis] for federal question jurisdiction." *Virgin v. Cty. Of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) (citing *Shulthis v. McDougal*, 225 U.S. 561,

1   569–70 (1912)). Wilson further claims that this Court has diversity jurisdiction because the

2   "property has a value . . . well over $1,000,000.00." ECF 20, at 24. However, as Judge Lloyd

3   stated, "forcible entry and forcible detainer actions do not involve the right to title to the property.

4   So, the fact that the subject property may be worth more than $75,000 is irrelevant." ECF 15, at 2

5   (citations omitted). Thus, this Court does not have subject matter jurisdiction over this action.

6   Accordingly, the above-titled forcible entry and forcible detainer action is REMANDED to

7   the San Benito County Superior Court.[1]

8   **IT IS SO ORDERED.**

9   Dated: October 18, 2016

        _____
        BETH LABSON FREEMAN
        United States District Judge

---

[1] The Court notes that Wilson also requested the Court to join this action to *Wilson v. Tobias*, No. 16-cv-5419-DMR (N.D. Cal. filed Sept. 22, 2016). ECF 20, at 29. The Court construes this request as an improper motion to relate the cases pursuant to Civil L.R. 3-12. Pursuant to Civil L.R. 3-12(b), a party seeking to relate an action "must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." Regardless, Wilson's request is moot given this order remanding the action to state court.

2